NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 2 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KATRINA MCLAMB, | No. 17-35481 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00563-PK |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Paul J. Papak II, Magistrate Judge, Presiding

Submitted June 28, 2018[**]

Before:      LEAVY, TROTT, and SILVERMAN, Circuit Judges

Katrina McLamb appeals the district court's judgment affirming the

Commissioner of Social Security's denial of McLamb's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

Social Security Act.  We review de novo, *Garrison v. Colvin*, 759 F.3d 995, 1010

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2014), and we affirm for the reasons given by United States Magistrate Judge Paul J. Papak II in his Opinion and Order dated April 11, 2017.  We attach Judge Papak's thorough and persuasive "Analysis" as an Addendum to our disposition.

**AFFIRMED.**

# ADDENDUM

## ANALYSIS

McLamb argues that the Commissioner erred because he (1) rejected her subjective symptom testimony; (2) formulated an incorrect RFC; and (3) ignored the lay witness testimony. Because the ALJ's conclusion was supported by substantial evidence, it is affirmed.

**McLamb's Testimony**

McLamb first argues that the ALJ erred in rejecting her subjective symptom testimony. The Ninth Circuit established two requirements for a claimant to present credible symptom testimony: the claimant must produce objective medical evidence of an impairment or impairments; and must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's testimony only if the ALJ provides clear and convincing reasons for doing so. *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007). General assertions that the claimant's testimony is not credible are insufficient. *Id.* The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

McLamb stated that she was unable to work primarily due to limitations resulting from scoliosis. Tr. 213. She alleged that leg and back pain affected her ability to lift, pull, push, sit, and stand. Tr. 233. McLamb testified that she was diagnosed with scoliosis in the fourth grade, and was able to work as a bartender and waitress before her alleged onset date. Tr. 35-36. She testified that she can stand for five minutes at a time and adjusts positions often. Tr. 48.

7 – OPINION AND ORDER

The ALJ rejected McLamb's testimony. Tr. 16. First, the ALJ discussed medical evidence that did not support McLamb's allegations of severe symptoms and limitations. Lack of objective support from the medical record can undermine a claimant's credibility when other clear and convincing reasons are present. *See Lingenfelter*, 504 F.3d at 1040 (valid factors for doubting credibility include "whether the alleged symptoms are consistent with the medical evidence"). Here, the ALJ noted that there was no evidence of radiculopathy or pain medication use in August 2012, McLamb's alleged onset date. Tr. 16, 290. He also noted that a bone scan showed "no radiotracer update that required further attention or evaluation for surgical intervention." Tr. 17, 326 (treatment note indicating that McLamb was "neurologically intact in terms of sensation, motor strength, and reflexes"). He also noted that McLamb exhibited full motor strength in December 2012, and that her MRI showed no evidence of spinal cord narrowing or significant degenerative changes, and that nerve conduction studies were "within normal limits" in her left lower extremity. Tr. 17, 304. On this record, the ALJ reasonably concluded that McLamb's testimony was undermined by the medical evidence.

The ALJ also noted that McLamb used conservative treatment methods to manage her pain. Tr. 17-18. Evidence of conservative treatment is a relevant credibility consideration and can be sufficient to discount a claimant's testimony regarding the severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). Here, the ALJ noted that McLamb used conservative methods of pain management, and that no surgical intervention was necessary for her conditions. Tr. 17-18, 358. This finding also supports the ALJ's credibility determination. *Parra*, 481 F.3d at 751.

The ALJ also considered McLamb's "significant work history with her scoliosis." Tr. 19, 36. Activities of daily living that conflict with a claimant's testimony can provide a clear and

8 – OPINION AND ORDER

convincing reason for rejecting the claimant's credibility. *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012). Here, the ALJ noted that while McLamb reported that she was able to stand only 10 to 15 minutes at a time, she was able to perform strenuous work as a waitress and bartender after she was diagnosed with scoliosis. Tr. 19, 36. It was reasonable for the ALJ to conclude that "[t]hese drastic changes in self-reported abilities without significant changes in ... objective findings" undermined McLamb's credibility.

In sum, the ALJ provided legally sufficient reasons supported by substantial evidence in the record for rejecting McLamb's subjective symptom testimony. McLamb argues that the ALJ erred because he did not provide any specific reasons for his credibility determination, and that the Commissioner has provided an impermissible *post-hoc* rationalization of his findings. The court disagrees. The ALJ stated that he rejected McLamb's testimony "for the reasons explained in this decision" and proceeded to evaluate the entire medical record, including the reasons set forth above, specifically referencing the issues with McLamb's credibility. Tr. 16-19. On this record, the ALJ's credibility determination was supported by substantial evidence and is therefore affirmed.

**RFC**

McLamb next argues that the ALJ failed to identify the frequency and duration of the sit-stand option in her RFC, as required by Social Security Ruling 96-9p. The Ruling states that the RFC assessment "must be specific as to the frequency of the individual's need to alternate sitting and standing," because the occupational base for a full range of unskilled sedentary work will be eroded, in part, by the frequency of the need to alternate sitting and standing. SSR 96-9p. In such situations, "[i]t may be especially useful ... to consult a vocational resource in order to determine whether the individual is able to make an adjustment to other work." *Id.*

9 – OPINION AND ORDER

10

At the hearing, the ALJ consulted a vocational expert to determine whether a claimant who could perform sedentary work and remain on task while alternating between sitting and standing could perform jobs in the national economy. The VE testified that such individual could perform the jobs of order clerk, account clerk, and taper. Tr. 20-21, 65-66. The ALJ thus reasonably complied with SSR 96-9p by limiting McLamb to occupations with a "sit and stand option while remaining on task." Tr. 15.

McLamb argues that the RFC is flawed because she cannot maintain any one position for an extended period. The RFC, however, accounts for the need to change positions because it allows McLamb to sit and stand at will so long as she remains on task. Tr. 15.

McLamb points out that she would not be productive if she needed to change position every 30 seconds. The court rejects this argument. First, there is no evidence in the record to support a finding that McLamb must change positions every 30 seconds. For example, the ALJ noted that during the 70 minute administrative hearing, McLamb changed position only four times. Tr. 29, 70. Further, the ALJ's RFC indicates that McLamb must be able to sit and stand at will while remaining on task – thus, so long as McLamb remains on task, there is no limit to the frequency with which she can change position. Tr. 15.

In sum, the ALJ reasonably complied with SSR 96-9p because he indicated that McLamb would need to alternate sitting and standing and consulted a vocational expert regarding McLamb's abilities to perform work in the national economy given this limitation. The ALJ did not err in assessing McLamb's RFC.

/////

**Lay Witness Testimony**

10 – OPINION AND ORDER

McLamb also argues that the ALJ improperly rejected the lay opinion of her mother Gloria McLamb. The ALJ must provide germane reasons for rejecting the testimony of a lay witness. It is harmless error to ignore a lay witness's testimony where "the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay witness's] claims." *Molina*, 674 F.3d at 1122.

Ms. McLamb completed a third party function report describing McLamb's symptoms and limitations. Tr. 241-48. She stated that McLamb has difficulty with almost all movement, including walking, standing, bending, and squatting. Tr. 241. She also stated that McLamb lives with her parents, receives assistance caring for her children, and requires significant assistance completing household chores, basic care and grooming, and grocery shopping. Tr. 241-42, 244. Ms. McLamb also noted that McLamb rarely engaged in hobbies due to her mobility issues, and was unable to walk further than a quarter of a mile before needing to stop and rest for 15-20 minutes. Tr. 245-45.

The ALJ considered Ms. McLamb's opinion, but did not incorporate her entire opinion into the RFC. Tr. 15-16. Here, Ms. McLamb endorsed limitations that paralleled the limitations described in McLamb's testimony. For example, both endorsed difficulty with standing, moving, and working. Tr. 233, 238, 241, 246. Because the ALJ provided legally sufficient reasons for rejecting McLamb's testimony, the same evidence that the ALJ referred to in discrediting McLamb's claims also discredits Ms. McLamb's testimony. Any error in the ALJ's evaluation of the lay testimony was therefore harmless. *Molina*, 674 F.3d at 1122. The ALJ's decision is affirmed.

11 – OPINION AND ORDER

## CONCLUSION

The Commissioner's decision is supported by substantial evidence in the record and is therefore AFFIRMED.

IT IS SO ORDERED.

Dated this 11th day of April, 2017.

Honorable Paul Papak
United States Magistrate Judge

12 – OPINION AND ORDER

*McLamb v. Berryhill*, 17-35481

LEAVY, Circuit Judge, dissenting.

The ALJ found that McLamb has a severe impairment of scoliosis, cervical degenerative disc disease, lumbar degenerative disc disease, and sciatica of the left leg. McLamb testified that she "worked through the pain" of her condition until August 2012, when her pain increased to the point that she could no longer stand for more than five minutes, or sit longer than five minutes without shifting positions due to pain in her back and left leg. The ALJ found that McLamb is unable to perform her past relevant work as a waitress and bartender. He further found that McLamb's determinable impairments could reasonably be expected to cause some of her alleged symptoms; however, McLamb's statements concerning the intensity, persistence, and limiting effects of her symptoms "are not entirely credible for the reasons explained in this decision." (ER 16). There is no finding of malingering.

With those findings, the ALJ may reject McLamb's testimony about the severity of her symptoms only by providing specific, clear, and convincing reasons for doing so. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). The *Brown-Hunter* case also tells us, in no uncertain terms, that to ensure that our review of the ALJ's credibility determination is meaningful, and that a claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony

is found to be not credible, along with clear and convincing reasons supported by record evidence that supports the credibility determination. *Id.* (concluding that the ALJ erred by summarizing the evidence that supported the RFC determination without specifically identifying the reasons for rejecting claimant's testimony); *see also Treichler v. Comm'r Soc. Sec. Admin.* 774 F.3d 1090, 1098 (9th Cir. 2014) ("We leave to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record.").

The ALJ summarized the medical evidence which shows a moderate, but not significantly worsening, scoliosis condition. The ALJ noted McLamb's long work history despite her scoliosis, and McLamb's use of conservative methods of pain management. The ALJ was required to identify which evidence was inconsistent with McLamb's testimony regarding her progressively worsening pain symptoms. In other words, the ALJ cannot discount McLamb's testimony simply by saying "for the reasons explained in this decision" without pointing to the evidence that specifically undermined her testimony. *See Brown-Hunter*, 806 F.3d at 493.

The majority appends the district court's analysis which, like the ALJ decision, cites the record evidence that could possibly support a credibility determination. But general findings, such as "for the reasons stated in this opinion," are insufficient; rather, "the ALJ must identify what testimony is not

2

credible and what evidence undermines the claimant's complaints." *Id.*, *citing*

*Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citation and internal

quotation marks omitted).

The ALJ also erred by failing to provide germane reasons to reject the lay

testimony of McLamb's mother, and this is not harmless error because the ALJ

failed to provide adequate reasoning to reject McLamb's testimony. *See Molina v.*

*Astrue*, 674 F.3d 1104, 1114-17 (9th Cir. 2012).

Because the ALJ failed to identify specifically, and in the first instance,

which evidence was inconsistent with McLamb's testimony, I would reverse and

remand with instructions for further agency proceedings.